# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SANDRA PRICE,<br><br>  Defendant. | No. CR06-4070-MWB<br><br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

On January 18, 2007, the above-named defendant, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count One of the Indictment. After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court therefore **RECOMMENDS** that the plea of guilty be accepted and the defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the defendant was placed under oath and advised that if she answered any questions falsely, she could be prosecuted for perjury or for making a false statement. She also was advised that in any such prosecution, the Government could use against her any statements she made under oath.

The court then asked a number of questions to ensure the defendant's mental capacity to enter a plea. The defendant stated her full name, her age, and the extent of her schooling. The court inquired into the defendant's history of mental illness and addiction to narcotic drugs. The court further inquired into whether the defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair her ability to make knowing, intelligent, and voluntary pleas of guilty to the charges.

The defendant acknowledged that she had received a copy of the Indictment, and she had fully discussed these charges with her attorney.

The court determined that there was no plea agreement.

The defendant was advised that any sentencing recommendation by the Government, or any agreement not to oppose a particular sentence, would not be binding on the court, and the defendant would have no right to withdraw her plea if such a recommendation or request were not accepted by the court. The defendant was advised also that after her plea was accepted, she would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what the defendant or her counsel anticipated.

The court then summarized the charge against the defendant, and listed the elements of the crime. The court determined that the defendant understood each and every element of the crime, ascertained that her counsel had explained each and every element of the crime fully to her, and the defendant's counsel confirmed that the defendant understood each and every element of the crime charged.

The court then elicited a full and complete factual basis for all elements of the crimes charged in each Count of the Indictment to which the defendant was pleading guilty.

The court advised the defendant of the consequences of her plea, including the maximum fine, the maximum term of imprisonment, and the mandatory minimum term of imprisonment.

With respect to Count **One**, the defendant was advised that the maximum fine is **$4,000,,000**; the maximum term of imprisonment is **life**; the mandatory minimum term of imprisonment is **ten years**; the maximum period of supervised release is **life**; and the minimum period of supervised release is **five years**.

The defendant also was advised that the court is obligated to impose a special assessment of **$100.00**, which the defendant must pay. The defendant also was advised of the collateral consequences of a plea of guilty. The defendant acknowledged that she understood all of the above consequences.

The court then explained supervised release to the defendant, and advised her that a term of supervised release would be imposed in addition to the sentence of imprisonment. The defendant was advised that among other conditions of supervised release, she could not commit another federal, State, or local crime while on supervised release, and she could not possess illegal controlled substances while on supervised release. The defendant was advised that there are other standard

conditions of supervised release, and the court could impose additional special conditions. The defendant was advised that if she were found to have violated a condition of supervised release, then her term of supervised release could be revoked and she could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The court also explained to the defendant that the district judge would determine the appropriate sentence for her at the sentencing hearing. The defendant confirmed that she understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. The defendant acknowledged that she understood the sentence imposed might be different from what her attorney had estimated. The defendant also was advised that both she and the Government would have the right to appeal the sentence. The defendant was advised that parole has been abolished.

The defendant indicated she had conferred fully with her counsel and she was fully satisfied with her counsel. The defendant's attorney indicated the attorney had had full access to the Government's discovery materials, and they supported a factual basis for the plea.

The defendant then was advised fully of her right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;
2. The right to a speedy, public trial;
3. The right to have her case tried by a jury selected from a cross-section of the community;
4. That she would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;
5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine these witnesses;
6. That the defendant would have the right to see and hear all witnesses presented at trial;
7. That the defendant would have the right to subpoena defense witnesses to testify at the trial, and if she could not afford to pay the mileage and other fees to require the attendance of these witnesses, then the Government would be required to pay those costs;

3

8. That the defendant would have the privilege against self incrimination; *i.e.*, she could choose to testify at trial, but she need not do so, and if she chose not to testify, then the court would, if the defendant requested, instruct the jury that the defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That she would have the right to appeal, and if she could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The defendant also was advised of the rights she would waive by entering a plea of guilty. The defendant was told there would be no trial, she would waive all the trial rights just described, and she would be adjudged guilty without any further proceedings except for sentencing.

The defendant then confirmed that her decision to plead guilty was voluntary and was not the result of any promises; no one had promised her what the sentence would be; and her decision to plead guilty was not the result of any threats, force, or anyone pressuring her to plead guilty.

The defendant then confirmed that she still wished to plead guilty, and she pleaded guilty to Count One of the Indictment.

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, and the defendant is fully competent.
2. The defendant is aware of the maximum punishment.
3. The defendant knows her jury rights.
4. The defendant has voluntarily waived her jury rights.
5. There is a factual basis for the plea.
6. The defendant is, in fact, guilty of the crime to which she is pleading guilty.

The defendant has executed a Consent to the Court's Inspection of Presentence Report Prior to Guilty Plea. The defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was asked to provide the information requested by the U.S. Probation Office to prepare the presentence investigation report. The defendant was told that she and her counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and she and her counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections to this Report and Recommendation within 10 days of the date of its service would bar her from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant's plea of guilty. A copy of this Report and Recommendation was served on the defendant and her attorney at the conclusion of the proceeding.

**DONE AND ENTERED** at Sioux City, Iowa, this 18th day of January, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT